IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SE-KURE CONTROLS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 6075 |
| | ) | |
| SENNCO SOLUTIONS, INC. and | ) | |
| CHRISTOPHER MARSZALEK, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On October 23, 2008, plaintiff Se-Kure Controls, Inc. ("Se-Kure") filed suit against defendants Sennco Solutions, Inc. and Christopher Marszalek (collectively "Sennco"), alleging infringement of U.S. Patent Nos. RE37,590 ("'590 Patent"); 5,861,807 ("'807 Patent"); and 7,081,822 ("'822 Patent").

On September 18, 2009, in an unrelated litigation, *Se-Kure Controls, Inc. v. Diam USA, Inc.* (Case No. 06-C-4857), District Court Judge Ronald Guzman determined that the '590 Patent was invalid as obvious in light of certain prior art references. *See Se-Kure Controls, Inc. v. Diam USA, Inc.*, 2009 U.S. Dist. LEXIS 85478 (N.D. Ill. Sept. 18, 2009). Based on that ruling, Se-Kure has moved to stay this proceeding [42] pending its appeal of Judge Guzman's determination of the '590 Patent's invalidity for obviousness. Sennco opposes Se-Kure's motion, arguing that this case should proceed on the issues related to the '807 and '822 Patents despite Se-Kure's appeal regarding the '590 Patent. For the reasons explained below, Se-Kure's motion is granted in part. The litigation is stayed with respect to the '590 Patent.

## BACKGROUND

Se-Kure has asserted three patents against Sennco in this litigation: the '590, '807, and '822 Patents. Each of these patents covers a separate component of an anti-theft system. Other than sharing a common assignee, the patents have no legal relationship.

On September 18, 2009, in an unrelated litigation, *Se-Kure Controls, Inc. v. Diam USA, Inc.* (Case No. 06-C-4857), Judge Guzman determined that certain prior art references rendered the '590 Patent invalid as obvious under 35 U.S.C. § 103. *See Se-Kure Controls, Inc. v. Diam USA, Inc.*, 2009 U.S. Dist. LEXIS 85478 (N.D. Ill. Sept. 18, 2009). Se-Kure has moved to stay this entire proceeding [42] pending the appellate resolution of that invalidity determination. Based on its estimates, Se-Kure anticipates that its appeal before the Federal Circuit will be "fully briefed and ready for oral argument within approximately 7 to 10 months." (Mot. 2.) During the September 29, 2009 hearing on Se-Kure's motion, its counsel informed the court that Se-Kure intended to exhaust all of its appellate avenues, including certiorari to the U.S. Supreme Court. Consequently, should the court grant Se-Kure's motion, it expects that this dispute will be stayed for at least a year, if not more.[1]

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[1] In its reply, however, Se-Kure "anticipates that the Federal Circuit should render a determination in less than 10 months" based on "statistics kept by the Federal Circuit [that] the average time to decision after docketing is 9 months." (Reply 4.) While the average time for *all* Federal Circuit decisions is nine months, the overall median time for appeals from *district courts* for both 2008 and 2009 was eleven months. *See* U.S. Court of Appeals for the Fed. Circuit, Median Time to Disposition in Cases Terminated After Hearing or Submission, http://www.cafc.uscourts.gov/pdf/MedianDispTime(table)00-09.pdf. This statistic further supports the court's opinion that the appeal of the '590 Patent, through certiorari, will last at least a year.

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[I]f there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255.

In deciding whether such a stay is appropriate, courts consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Pfizer, Inc. v. Apotex, Inc.*, 08-cv-7231, 2009 U.S. Dist. LEXIS 49470, at *4 (N.D. Ill. June 12, 2009). Based on its consideration of these factors, the court finds that a stay limited to the '590 Patent is appropriate. *See SmithKline Beecham Corp. v. Pentech*, 99-cv-4304, 2004 U.S. Dist. LEXIS 13907, at *34 (E.D. Pa. July 16, 2004) (imposing partial stay limited to the patents involved in pending appeal).

ANALYSIS

1. Undue Prejudice and Tactical Advantage

According to Se-Kure, its proposed stay will maintain the status quo because Sennco has continued to sell its accused products throughout this litigation. Consequently, Se-Kure contends, Sennco will not be unduly prejudiced by the stay. Sennco, on the other hand, argues that granting Se-Kure's motion and delaying the litigation will harm its business by creating uncertainty over its accused products, particularly with respect to litigation averse customers who are wary of infringement liability. In response, Se-Kure claims that these "cries as to prejudice are unfounded" because Sennco's counsel previously represented to Se-Kure's counsel that he would recommend to his clients that they agree to a stay if Se-Kure would dismiss all

3

claims against defendant Marszalek–a proposal to which the parties ultimately did not agree. (Reply 3.) The court does not find that such a representation amounts to an admission that Sennco will not be prejudiced by the stay. Rather, it merely reflects the type of cost-benefit analysis lawyers frequently engage in when attempting to maximize the results for their clients while minimizing the costs and risks of litigation. On balance, the court finds that the likely prejudice to Sennco's business interests in delaying resolution of Se-Kure's infringement claims related to the '807 and '822 Patents weighs against staying the entire litigation.

2.    Simplifying Issues and Streamlining Trial

Se-Kure also contends that staying the litigation "will simply *all the issues* before the Court" because Sennco has "alleged that the '590 [P]atent is invalid based upon the identical combination of prior art already considered by Judge Guzman in the Diam case." (Mot. 6 (emphasis added).) The court disagrees with Se-Kure on this point. Based on the representation of Se-Kure's counsel at the September 29, 2009 motion hearing, Se-Kure intends to pursue its claims related to the '822 and '807 Patents even if the Federal Circuit affirms Judge Guzman's invalidity determination. Regardless of the outcome on appeal, therefore, at least two of the three asserted patents will remain at issue in this case. While Se-Kure correctly argues that the Federal Circuit's decision will narrow the issues related to the validity of the '590 Patent, it has not explained how that Federal Circuit decision will impact the '807 and '822 Patents. In fact, Se-Kure previously represented to this court that the '590 and '807 Patents "are not formally or legally related." (Dkt. No. 30, Se-Kure's Resp. Sennco's Opening Claim Construction Brief Relative '807 Patent 9.) Thus, the court finds that the appeal of the '590 Patent will have limited impact on issues related to the '807 and '822 Patents, such as their validity, infringement, or

4

claim construction, or Se-Kure's damages if infringement of those patents by Sennco is found. This factor also weighs against a complete stay.

3.   Burden of Litigation on Parties and the Court

According to Sennco and its assessment of Federal Circuit reversal statistics (*see* Resp. 8 & Ex. B), the Federal Circuit is likely to affirm Judge Guzman's decision on appeal.  A stay, therefore, will only unnecessarily delay this litigation without reducing the burden on the parties. Se-Kure challenges that conclusion, arguing that the United State Patent & Trademark Office's ("PTO") August 21, 2009 denial of a request for *inter partes* reexamination of the '590 Patent (*see* Dkt. No. 48, Ex. A), which was based on the same prior art references Judge Guzman relied upon in rendering his invalidity determination, indicates that the Federal Circuit is "likely to reinstate the '590 [P]atent."  (Reply 5.)  The court disagrees.  The standard for granting a reexamination request (*i.e.*, whether the reexamination requestor has presented "a substantial new question of patentability") is narrower than the standard for determining whether a patent is obvious under 35 U.S.C. § 103, particularly where, as here, the prior art references at issue had been cited to and addressed by the examiner during patent prosecution.  *See* Manual of Patent Examining Procedure § 2616 (8th ed., rev. July 2008)  ("[A] reexamination request relying on previously applied prior art that asks the Office to look at the art again based solely on the Supreme Court's clarification of the legal standard for determining obviousness under 35 U.S.C. 103 in *KSR* [*International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007)], without presenting the art in a new light or different way, will not raise a substantial new question of patentability as to the patent claims, and reexamination will not be ordered.").  Thus, the court finds that the PTO's denial of the reexamination request is not indicative of whether the Federal Circuit ultimately

5

will affirm or reverse Judge Guzman's decision.

Even if that decision is reversed, however, the court does not agree with Se-Kure that "all of [the] time and expense on discovery and *Markman* determinations may be entirely superfluous, depending upon the outcome of [its] appeal . . . ." (Mot. 8.) To the contrary, this argument overstates the impact of the Federal Circuit's decision on this dispute. The parties have fully briefed their claim construction arguments with respect to all three patents at issue, and, as discussed above, the court will need to rule on the claim constructions for the '807 and '822 Patents regardless of the result of Se-Kure's appeal. Should the '590 Patent remain valid after the appeal, additional *Markman* proceedings related to that patent will be limited. The parties have already agreed to adopt Judge Guzman's claim constructions for the '590 Patent and have only presented two additional claim terms for the court's construction. (*See* Dkt. No. 28, Se-Kure's Mem. Supp. Proposed Claim Construction '590 Patent 5-6.)

Se-Kure also has failed to demonstrate how staying this dispute pending its appeal will reduce the burden or expense of discovery. First, based on Se-Kure's intention to pursue its infringement claims related to the '807 and '822 Patents irrespective of the '590 Patent's validity, the parties eventually will conduct discovery related to those patents; the only issue is whether the discovery proceeds now or is delayed until after the appellate resolution of the '590 Patent's validity.

Second, if the '590 Patent is deemed valid on appeal, its reentry into this litigation should not require lengthy additional discovery, trial preparation, or delay. According to Se-Kure, the Federal Circuit's reversal of Judge Guzman's invalidity decision "will also eliminate a good portion of fact and expert discovery in this case, further narrowing the issues, because the

Federal Circuit will inevitably entertain arguments relevant to the '590 [P]atent, including the scope and content of prior art, the level of ordinary skill in the art, as well as its appropriate claim construction." (Mot. 7.) Se-Kure additionally expects that the '590 Patent appeal will be completed before this litigation reaches trial. (Mot. 8.) Thus, proceeding on Se-Kure's infringement claims related to the '807 and '822 Patents while the validity of the '590 Patent is resolved on appeal should pose minimal burden to the parties.

Based on its consideration of the relevant factors, the court finds that staying this litigation with respect to the '590 Patent while continuing to proceed on Se-Kure's claims related to the '807 and '822 Patents will resolve this dispute expeditiously while minimizing the burden to the parties.

## CONCLUSION

Consequently, Se-Kure's motion [42] is granted in part. The case is stayed only with respect to U.S. Patent No. RE37,590. The litigation will continue to proceed with Se-Kure's claims related to U.S. Patent Nos. 5,861,807 and 7,081,822.

Counsel are to file a Form 52 by November 2, 2009. The case is set for status on November 5, 2009 at 9:00 a.m. for entry of the scheduling order.

ENTER:

*James F. Holderman*

_____

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: October 23, 2009