Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6075 | **DATE** | 11/19/2010 |
| **CASE TITLE** | Se-Kure Controls, Inc. vs. Sennco Solutions, Inc. et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, Se-Kure's "Motion to Stay or, in the Alternative, Dismiss Its Claims Without Prejudice" [81] is granted. The stay previously issued by this court on March 4, 2010, remains in effect. Status hearing set for March 10, 2011, at 9:00 a.m.

■[ For further details see text below.]

Notices mailed.

---

## STATEMENT

On October 23, 2008, plaintiff Se-Kure Controls, Inc. ("Se-Kure") filed a complaint against defendants Sennco Solutions, Inc. and Christopher Marszalek (collectively "Sennco"), alleging infringement of U.S. Patent Nos. RE37,590 ("'590 Patent"); 5,861,807 ("'807 Patent"); and 7,081,822 ("'822 Patent"). In an unrelated litigation, *Se-Kure Controls, Inc. v. Diam USA, Inc.* (Case No. 06-C-4857), District Court Judge Ronald Guzman determined that the '590 Patent was invalid as obvious in light of certain prior art references. Se-Kure appealed that invalidity determination to the Federal Circuit and moved to stay this proceeding pending the appeal. (Dkt. No. 42.) On October 23, 2009, this court granted Se-Kure's motion in part and stayed this proceeding only with respect to the '590 Patent. (Dkt. No. 49.) After discovering that Sennco was seeking reexamination of the '807 Patent before the U.S. Patent & Trademark Office ("PTO"), Se-Kure moved to stay the entire case (Dkt. No. 57), which this court denied (Dkt. No. 61). Shortly thereafter, Sennco informed Se-Kure that it also would be seeking reexamination of '822 Patent. (*See* Dkt. No. 81 ("Se-Kure's Mot.") at 2.) Sennco then agreed with Se-Kure that the entire case should be stayed, and on February 23, 2010, the parties filed a joint motion to stay the litigation with respect to the '807 and '822 Patents. (Dkt. No. 75.) This court granted the parties' joint motion to stay on March 4, 2010. (Dkt. No. 77.) The Federal Circuit has since affirmed the judgment of invalidity of the '590 Patent, *Se-Kure Controls, Inc. v. Diam USA, Inc.*, 374 Fed. Appx. 957 (Fed. Cir. May 5, 2010), and the '807 and '822 Patents remain in reexamination proceedings before the PTO. At the October 21, 2010 status hearing before this court, Se-Kure informed the court that it believed a continuation of the stay was appropriate based on the ongoing reexamination proceedings. Because Sennco indicated that it opposed continuing the stay, the court requested briefing on the issue. Se-Kure subsequently moved to continue the stay of this litigation or, in the alternative, to dismiss its claims of infringement without prejudice (Dkt. No. 81), and Sennco filed an opposition to Se-Kure's Motion. (Dkt. No. 83 ("Sennco's Resp.").) For the reasons explained below, Se-Kure's Motion is granted, and the stay remains in effect.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether such a stay is appropriate,

**STATEMENT**

courts in this district traditionally consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Pfizer, Inc. v. Apotex, Inc.*, 40 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). In this case, the court find that these factors support continuing the stay pending completion of the reexamination proceedings before the PTO.

### A. Continuing the Stay Pending Reexamination

According to Sennco, two events have occurred which now cause it to withhold its support for continuing the stay; namely, (1) on May 5, 2010, the Federal Circuit affirmed the invalidity of the '590 Patent; and (2) on July 12, 2010, the PTO ordered a reexamination of the '822 Patent. (Dkt. No. 83 (Sennco's Resp. 3).) The court disagrees with Sennco that either of these events warrants lifting the stay.

### 1. Simplification of Issues and Ability to Reduce Burden of Litigation

First, regardless of the '590 Patent's invalidity, the '807 and '822 Patents remain at issue in this litigation. Second, if, as Sennco contends, the PTO is going to "gut the claims of the '807 and '822 [Patents] as an expert hunter guts deer" (Sennco's Resp. 3), resuming these proceedings before the "gutting" has taken place risks wasting not only the parties' but also the court's resources. Indeed, the PTO has already issued an Office Action affirming the patentability of some of the original claims in the '807 Patent and rejecting others. (*See* Dkt. No.84 ("Se-Kure's Reply") at Ex. A.) If the court were to lift the stay now, the parties likely will be expending extensive time and resources litigating issues which will potentially be irrelevant after the PTO concludes its reexaminations of the '807 and '822 Patents. The court therefore finds that continuing the stay of this litigation while the PTO continues the reexamination proceedings will both simplify the issues in this case and minimize the burden of litigation on both the parties and the court.

### 2. Prejudice to Sennco

Nor does the court believe that continuing the stay will prejudice Sennco. As an initial matter, the court notes that Sennco's purported reasons for lifting the stay occurred in May and July 2010. After neither of these events did Sennco move to lift the stay. Moreover, Sennco previously agreed to the stay based on its initiation of reexamination proceedings. Sennco now reverses course, arguing that the court should lift the stay because the PTO granted Sennco's request to reexamine '822 Patent. Notably, Sennco has not explained why the same circumstances which initially warranted the stay now justify ending it.

Sennco's concern that continuing the stay will impact witness availability also appears unfounded. Staying this litigation, Sennco contends, increases the risk that certain witnesses, specifically Peter Passuntino and Roger Leyden who are in their seventies, will be unable to testify. (Sennco's Resp. 5-6.) Sennco, however, has not articulated who these witnesses are or why their testimony is relevant. Furthermore, according to Se-Kure, Leyden has already been deposed, and Passuntino is defendant Marszalek's father-in-law. (Se-Kure's Reply 3.) Presumably Sennco could depose Passuntino at any time if his health is a valid concern. Thus, given the current procedural posture of this case, the court finds that the considerations which warranted the initial stay of this proceeding still support continuing the stay pending resolution of the patent reexaminations.

### B. Scope of the Stay

To the extent that Sennco argues that the stay should not apply to its counterclaim for antitrust violations related to the prosecution of the now-invalidated '590 Patent (*see* Sennco's Resp. 7; Dkt. No. 13, Answer 28 ¶¶ 38-45), the court disagrees. Instead, at this point in the litigation, the court finds that proceeding solely on Sennco's counterclaim rather than simultaneously addressing all the parties' claims and counterclaims risks a duplication of efforts on overlapping or related issues once the '807 and '822 Patents

**STATEMENT**

complete the reexaminations. Thus, continuing the stay with respect to all the parties' claims and counterclaims will better support judicial economy and efficiency and will reduce the burden of this litigation on both the parties and the court. The stay, therefore, continues to apply to all the parties' claims and counterclaims.

### C. Dismissal of Se-Kure's Claims Without Prejudice

Alternatively, Se-Kure proposes dismissing its claims for infringement with respect to the '807 and '822 Patents without prejudice. Although Sennco appears to agree that should Se-Kure's infringement claims be dismissed, Sennco's counterclaims related to the '807 and '822 Patents could similarly be dismissed without prejudice (*see* Sennco's Resp. 7), Sennco remains unwilling to voluntarily dismiss its counterclaim for antitrust violations related to the prosecution of the '590 Patent (*see id*; Dkt. No. 13, Answer 28 ¶¶ 38-45). As discussed above, however, the court finds that concurrently litigating all the parties' claims and counterclaims after the PTO completes the patent reexaminations is preferable to proceeding piecemeal now on Sennco's antitrust counterclaim.

Accordingly, for the above reasons, the court finds that continuing the stay is warranted. Se-Kure's "Motion to Stay or, in the Alternative, Dismiss Its Claims Without Prejudice" (Dkt. No. 81) is granted, and the stay previously issued by this court remains in effect.

*James F. Holderman*